**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

CINDY CHEN, on behalf of herself
and others similarly situated,

                Plaintiff,                      **16-CV-4790 (VF)**

       -against-                                  **ORDER**

SHANGHAI CAFÉ DELUXE, INC.
      d/b/a Shanghai Café,
YILI WENG, PING LIN, EILE WAN,
JOHN GU, and XINSHENG GU,

                Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      On October 20, 2022, this Court held a case management conference to discuss Plaintiff's next steps regarding default judgment. Only counsel for the Plaintiff was present at the conference. The Court alerts Plaintiff that no Clerk's Certificate of Default has been entered for two defendants in this case, Eile Wan and John Gu. Accordingly, it is hereby ORDERED that:

1. No later than November 30, 2022, Plaintiff shall serve on Defendants and file Proposed Findings of Fact and Conclusions of Law concerning the proposed amount of damages that should be awarded to Plaintiff upon the default of Defendants ("Proposed Findings"). Plaintiff shall include, with such service, a copy of this Order.

2. The Proposed Findings should specifically tie the proposed damages figure(s) to the legal claim(s) on which liability will be established; should demonstrate how Plaintiff has arrived at the proposed damages figure(s); and should be supported by a sworn affidavit, or a declaration under penalty of perjury, that attaches as exhibits and contains an explanation of any documentary evidence that helps establish the proposed damages.

3. Further, to the extent that Plaintiff seeks attorneys' fees and litigation costs, Plaintiff's submissions should:

    a. provide copies of the attorneys' contemporaneous time records, so that this Court may assess whether the requested fees are reasonable, see New York Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983);

    b. address the reasonableness of the hourly rates of the attorneys working on the matter and their support staff, see Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 190 (2d Cir. 2008); and

    c. provide copies of invoices or other documentation substantiating the amount of costs that have been incurred.

4. Defendants shall submit a response, if any, to Plaintiff's submissions no later than December 30, 2022. Defendant Shanghai Café Deluxe is cautioned that, as a corporate entity, it may not appear in this Court without an attorney, and therefore any response that it seeks to file, including any request for a hearing on damages, must be made through counsel for that response to be considered by the Court.

5. IF DEFENDANTS FAIL TO RESPOND BY DECEMBER 30, 2022, THEN THIS COURT WILL PROCEED TO ISSUE A REPORT AND RECOMMENDATION CONCERNING LIABILITY FOR THE ENTRY OF DEFAULT JUDGMENT AND DAMAGES ON THE BASIS OF PLAINTIFF'S WRITTEN SUBMISSION ALONE. FURTHER, THIS COURT WILL NOT HOLD A HEARING ON DAMAGES, UNLESS A HEARING IS REQUESTED, IN WRITING, BY DECEMBER 30, 2022. See Action SA. v. Marc Rich & Co., 951 F.2d 504,508 (2d Cir. 1991) (Fed. R. Civ. P. 55(b)(2) "allows but does not require . . . a hearing"); Fustok v. ContiCommodity Servs. Inc., 873

F.2d 38, 40 (2d Cir. 1989) ("[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.").

**SO ORDERED.**

DATED:   New York, New York
         October 21, 2022

_____
VALERIE FIGUEREDO
United States Magistrate Judge